UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER M. DEVINE,            )
          Plaintiff,             )
                                 )
     v.                          )C.A. No. 04-12186-NG
                                 )
STOP AND SHOP COMPANIES,         )
          Defendant.             )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall (1) pay the filing fee for this action or seek a waiver of it; and (2) demonstrate good cause why this action should not be dismissed without prejudice.

FACTS

On October 12, 2004, Christopher Devine, a resident of Mansfield, Massachusetts, filed a number of documents with the Court concerning his employment at Stop and Shop Companies.  Devine did not enclose the $150.00 filing fee for this action, nor did he file an application to waive the filing fee.

Devine states that he has a learning disability and has been diagnosed as HIV-positive and alleges that Stop and Shop failed to accommodate these disabilities during his employment.  He has included copies of a March 20, 2003 order from the Massachusetts Commission Against Discrimination ("MCAD") denying his claims and a November 20, 2003 notice affirming the dismissal on appeal.  Devine

does not allege or otherwise indicate whether the Equal

Employment Opportunity Commission (the "EEOC") has completed

its review of his Americans with Disabilities Act ("ADA")

claims and whether it has issued a "right to sue" letter.

ANALYSIS

    I.   Plaintiff Must Pay the
           Filing Fee or Seek a Waiver of It

    A party filing a civil action in this Court must either (1)

pay the $150 filing fee for civil actions or (2) seek to be

granted in forma pauperis by filing an application to proceed

without prepayment of the filing fee.  See 28 U.S.C. § 1914

(filing fee for civil actions); Fee Schedule for the District of

Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).

For the convenience of litigants, this Court provides a

standardized, double-sided form for fee waiver applications

entitled "Application to Proceed Without Prepayment of the Filing

Fee and Affidavit."  Because Devine has not submitted the

filing fee or an application for waiver of prepayment of the

filing fee, he shall be granted additional time to do so.

    II.  The Court May Screen this Action

    When a party seeks to file an action without prepayment

of the filing fee, summonses do not issue in order to allow

the Court to review the plaintiff's complaint to determine

2

if it satisfies the substantive requirements of the federal

in forma pauperis statute.  See 28 U.S.C. § 1915.  Section

1915 authorizes federal courts to dismiss actions in which a

plaintiff seeks to proceed without prepayment of fees if the

action lacks an arguable basis either in law or in fact,

Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the

action fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is

immune from such relief.  See 28 U.S.C. § 1915(e)(2).

    III.  Absent Exhaustion Before the
          EEOC, This Court May Not Consider
          Plaintiff's Federal Employment-Law Claims

It appears that Devine is attempting to bring his

claims pursuant to Title I of the ADA, 42 U.S.C. § 12101-

12213, and Chapter 151B, Mass. Gen. Laws ch. 151B, § 1, et seq.

("Chapter 151B).  Prior to bringing an action in federal court

under the ADA, the ADA mandates compliance with the

administrative procedures specified in Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e.  See 42 U.S.C.

§ 12117 (incorporating by reference, inter alia, 42 U.S.C. §

2000e-5(f)(1)); Bonilla Muebles J.J. Alvarez, Inc., 194 F.3d

275, 277 (1st Cir. 1999).  Such compliance must occur before

a federal court may entertain a suit that seeks recovery for

an alleged violation of Title I of the ADA.  Bonilla, 194

F.3d at 277.   Similarly, in order to bring claims of
discrimination under Chapter 151B pursuant to this Court's
supplemental jurisdiction,[1] a plaintiff must first submit a
complaint to MCAD within six months of the alleged unlawful
conduct.   Mass. Gen. Laws ch. 151B §§ 5-9; accord Andrews v.
Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41, 423 Mass. 1021,
1021 (1996).

In states such as Massachusetts, which has its own
state anti-discrimination agency and a "work-sharing"
agreement with the EEOC, a charge filed with the MCAD, the
state agency, is automatically referred to the EEOC after
MCAD's initial review.   Thus, claims filed with MCAD or the
EEOC are effectively filed with both agencies.   Seery v.
Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see
Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1

---

[1]Absent a federal question, this Court, of course, would
not have original jurisdiction to consider plaintiff's state-
law based employment claims because it does not appear that
diversity of citizenship exists.   See 28 U.S.C. § 1332
(diversity jurisdiction); Caterpillar Inc. v. Lewis, 519 U.S.
61, 69 (1996) (diversity jurisdiction requires complete
diversity:   the citizenship of each plaintiff must be diverse
from each defendant); 28 U.S.C. § 1367(a) (in any civil action
of which the district courts have original jurisdiction, the
district courts shall have supplemental jurisdiction over all
other claims that are so related to claims in the action
within such original jurisdiction that they form part of the
same case or controversy under Article III of the United
States Constitution).

(1st Cir. 2001).

     After the filing an administrative charge for Title I ADA claims, the EEOC must reach a final determination on the claims and render a decision stating whether it will pursue them in federal court or whether the complainant will be issued a "right-to-sue" letter.  Absent a final determination or a "right-to-sue" letter from the EEOC, a party generally may not bring a civil action under Title I of the ADA in federal court.  Bonilla, 194 F.3d 278; accord McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (Title VII plaintiff must file a timely EEOC charge and receive notice of a right to sue); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137-138 (4th Cir. 1995) ("right-to-sue" letter is essential to the initiation of a private employment discrimination action under Title VII).

     Here, because plaintiff does not allege that the EEOC has issued a "right-to-sue" letter for his Title I ADA claims, his ADA claims are subject to dismissal without prejudice.[2]  See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 744-745 (1st Cir.

---

[2]In contrast to the ADA, a person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred.  See Mass. Gen. Laws ch. 151B, § 9.

2003) (where district court gave party the benefit of the doubt by affording him an opportunity, through a show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim and appellant was unable to make the requisite showing, court could dismiss action); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (although the filing of an administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement); accord Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979) (same); Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law).

If plaintiff's federal-law based ADA claims are dismissed without prejudice, then this Court will lack subject-matter jurisdiction over plaintiff's state-law based Chapter 151B claims, see, e.g., 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction), and may decline to exercise supplemental jurisdiction over them.  See, e.g., Gonzalez-De Blasnini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (as a general rule, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit will trigger the dismissal without prejudice of any supplemental state law claims) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d

1168, 1177 (1st Cir. 1995)).[3]

CONCLUSION

ACCORDINGLY, plaintiff's claims are subject to dismissal

without prejudice without further notice under 28 U.S.C. §

1915(e)(2) within thirty-five (35) days of the date of this

Memorandum and Order unless before that time plaintiff either pays

the filing fee or submits an application to proceed without

prepayment of fees and demonstrates good cause why this action

should not be dismissed for the reasons stated above.

The Clerk shall send plaintiff an Application to Proceed

Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>21st</u> day of <u>October</u>, 2004.

<u>s/ Nancy Gertner</u>
NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

[3]Such a dismissal normally does not implicate an immediate time bar to the filing of any state-law based claims in state court. <u>See</u> Mass. Gen. Laws ch. 260, § 32 (claims dismissed for "any matter of form" may be re-filed in state court for one year after their dismissal); <u>Duca v. Martins</u>, 941 F. Supp. 1281, 1295 n. 14 (D. Mass. 1996) (dismissing state law claim without prejudice after dismissing federal claims because § 32 gave plaintiff one year in which to re-file his claim in state court); <u>Liberace v. Conway</u>, 574 N.E.2d 1010, 1012, 31 Mass. App. Ct. 40, 42-44 (1991) (Mass. Gen. Laws ch. 260 § 32 applies to state law claims dismissed by federal court declining to exercise supplemental jurisdiction).