## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
## INVESTIGATION FACT SHEET

| | |
|---|---|
| To: Christopher Devine<br>C/O Douglas Hyne<br>Lovenberg & Associates<br>11 Beacon Street, Suite 625<br>Boston, MA 02108 | Fr: Commission Against Discrimination<br>Ashburton Place, Room 601<br>Boston, MA 02108-1516 |

**Case:** Devine v. Luciano's Restaurant
**MCAD No.:** 03BEM00706
**EEOC No.:** 16CA301237

**Investigator:** Aileen D. Quintero

**Issues Investigated:** Whether Complainant was denied a reasonable accommodation and subsequently discharged by Respondent after disclosing his disability.

**Investigation Summary:** Parties agree that Complainant was employed by Respondent organization from approximately August 2001 until approximately May of 2002, when he was separated from employment. There is a genuine issue of material fact as to whether the Complainant was terminated or voluntarily quit after a disagreement with management.

The Complainant has articulated a prima facie case complaint based on disability. The Complainant has a condition that substantially impairs one or more major life functions. The Complainant asserts that in May 2002, he verbally informed his manager, Doug Callahan, that he had a "chronic illness". The Complainant asserts that at the same time he presented a physician's note confirming the same and asking that his duties and days worked be altered as an accommodation. The Complainant asserts that while the physician's note did not specify a diagnosis, it was common knowledge among his co-workers that the Complainant had AIDS. The Complainant alleges that within one week of self-identifying as a disabled person and requesting an accommodation, he was terminated.

Respondent denies any knowledge of Complainant's disability or any accommodation request. Respondent asserts, instead, that Complainant requested a change in schedule so that he could work at another restaurant. Respondent asserts that after Complainant's request had been granted, he arrived for a scheduled shift and abruptly left, claiming he did not approve of his assignment. Respondent claims it assumed Complainant had abandoned his job, and considered Complainant a voluntary quit.

**Conclusion:** Complainant is a qualified handicapped individual who can perform the essential functions of his job. It is a genuine issue of material fact suitable for further investigation whether the Respondent knew or should have known of Complainant's disability. Complainant provides evidence of a doctor's note that was contemporaneously written and requests an accommodation. Moreover, Complainant was employed in a relatively small restaurant and had disclosed to his coworkers his HIV positive status; it is unlikely that Respondent was entirely unaware of his disability, admits that Complainant's schedule change was at his request. Respondent claims that Complainant "did not like his assignment" and walked off the job.

The Respondent has not met its burden of articulating and supporting legitimate, non-discriminatory reasons for the actions taken. The Respondent's assertion that it had no knowledge of the Complainant's disability is an issue of credibility. Secondarily, once the Respondent knew or should have known that the Complainant had or may have had conditions that rise to the level of a disability, an affirmative duty is created on the part of Respondent to commence an interactive dialogue with the Complainant. Information presented would not allow a fact finder to conclude that Respondent engaged in any dialogue. Respondent presumed that the

MAR 1 4 2005

change in schedule was for personal reasons and discharged the Complainant when the accommodation failed to materialize.

For the foregoing reasons, a probable cause finding is recommended.

*Aileen D. Quintero*
Aileen D. Quintero
Compliance Officer I
Enforcement II

*Katherine M. Martin, Esq.*
Katherine M. Martin, Esq.
Compliance Officer III

*Dorca I. Gomez*
Dorca I. Gomez
Investigating Commissioner

Cc: Giandomenico & Giandomenico
    Attn: Fred Giandomenico
    40 Front Street
    Walpole, MA 02081