```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

CHRISTOPHER M. DEVINE,          )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 04-12186-NG
                                )
STOP AND SHOP COMPANIES,        )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, Plaintiff's Motion to reopen this case is Allowed, and a summons shall issue to the Plaintiff for service on the defendant. Plaintiff's request for appointment of counsel is Denied without prejudice, and Plaintiff's request for reassignment of this case is Denied.

BACKGROUND

On October 12, 2004, Christopher Devine, a resident of Mansfield, Massachusetts, filed a number of documents with the Court concerning his employment at Stop and Shop Companies. Devine did not enclose the $150.00 filing fee for this action, nor did he file an application to waive the filing fee.

Devine stated that he has a learning disability and has been diagnosed as HIV-positive and alleges that Stop and Shop failed to accommodate these disabilities during his employment. He included copies of a March 20, 2003 order from the Massachusetts Commission Against Discrimination ("MCAD") denying his claims and a November 20, 2003 notice affirming the dismissal on appeal. Devine did not allege or otherwise indicate whether the Equal Employment Opportunity Commission

(the "EEOC") had completed its review of his Americans with Disabilities Act ("ADA") claims and whether it had issued a "right to sue" letter.  Because Devine failed to pay the filing fee or file an Application to Waive the fee, and because he failed to provide sufficient information demonstrating that he obtained a "right to sue letter", a Memorandum and Order entered (#2) directing Plaintiff to show cause why the case should not be dismissed, and also directed Plaintiff to pay the filing fee or file an Application to waive the fee.

On November 9, 2005 Plaintiff filed an Application to Proceed *in forma pauperis*, but failed to respond to the show cause order, on the merits.  Plaintiff was granted leave to proceed *in forma pauperis*, but this action was dismissed for failure to show cause. (See #4).

Plaintiff did not appeal the dismissal, nor did he file a motion for reconsideration. Instead, on March 23, 2005, Plaintiff filed a Motion to Reopen this Action, "now that I have my Right to Sue letter from the (EEOC)." (Docket No. 5). He indicates he believed he had less than a year to file the complaint in federal court, and believed he was in the timeframe to do so.  He also indicates that the EEOC never gave a letter to MCAD advising of a right to sue, and that he never received a letter from EEOC.  Included in his submission is a copy of the return envelope from the EEOC indicating that

Plaintiff's post office box had been closed, and that the right to sue letter was returned to EEOC undeliverable.

Plaintiff also requests counsel in this action, and indicates "I think a new judge might be needed."

## ANALYSIS

I.  <u>The motion for recusal and reassignment is denied</u>.

To the extent that Plaintiff seeks recusal and reassignment of this civil action, the request is denied. No valid reasons for such action has been put forth by Plaintiff.

II.  <u>The motion for appointment of counsel is denied</u>.

To the extent that Plaintiff seeks Court-appointed counsel, the motion is denied without prejudice. The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. <u>Dellenbach v. Hanks</u>, 76 F.3d 820, 823 (7th Cir. 1996), <u>cert. denied</u>, 519 U.S. 894 (1996); <u>Jackson v. Coalter</u>, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>See</u> <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991). <u>See also</u> <u>Manisy v. Maloney</u>, 283 F. Supp. 2d 307, 317 (D. Mass.

2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  <u>DesRosiers,</u> 949 F. 2d at 23-24 (citations omitted).

While Devine was granted *in forma pauperis* status he has not yet demonstrated the kind of  "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. §3006A. The fact that he is appearing *pro se*, has no funds, and, absent counsel, may not be on a level playing field with the Defendants, does not provide a sufficient basis for appointment of counsel; otherwise virtually every *pro se* litigant would qualify.  Accordingly, the motion for appointment of counsel is Denied without prejudice.

   III.   <u>The motion to reopen is allowed</u>.

Because there exists a genuine issue of when Plaintiff received notice of the EEOC's right-to-sue letter, the Court will allow the case to proceed at this time.  However, this is without prejudice to the defendant raising any limitations and

equitable tolling issues presented by the untimeliness[1].  See, e.g. Hill v. Textron Automotive Interiors, Inc., 160 F. Supp. 2d 179, 183 (D.N.H. 2001) ("...most courts have concluded that the 90-day period does not begin to run until the aggrieved individual actually *receives* notice in the form of a right to sue letter, and the EEOC, in turn, has adopted the general rule that the 90 day period begins to run upon the claimant's receipt of the right to sue letter. *See* EEOC Compliance Manual, para. 255, § 4.5(a)(2) (2000)"; plaintiff must prove 90 day period equitably tolled);  Perez Cordero v. Wal-Mart PR, Inc., 235 F. Supp. 2d 95 (D. Puerto Rico 2002)(90 day limitations period for bringing Title VII action began to run after employee's receipt of (EEOC) right-to-sue letter rather than from another agency).

## CONCLUSION

ACCORDINGLY, it is hereby Ordered:

1. Plaintiff's Motion for Recusal and reassignment is Denied;

2. Plaintiff's Motion for Appointment of Counsel is Denied without prejudice;

---

[1] The First Circuit has indicated the requirement that a timely EEOC charge be filed and that plaintiff receive notice of a right to sue. McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1 st Cir. 1996) (in Title VII case, "prior to filing suit in federal court ... a plaintiff must file a timely EEOC charge against the discriminatory party, and receive notice of a right to sue.")

3.  Plaintiff's Motion to Reopen (Docket #5) is Allowed.

4.  A summons shall issue to Plaintiff for service on the defendant. Plaintiff is directed to provide the United States Marshal's Office with all requisite information to enable that office to effectuate service on the defendant. The United States Marshal's Office shall bear all costs of service on the defendant, however, it is the Plaintiff's responsibility to ensure timely service, in compliance with Federal Rules of Civil Procedure 4, and this Court's Local Rules.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>18th day</u> of <u>April</u>,  2005.

<u>/s/ Nancy Gertner</u>
NANCY GERTNER
UNITED STATES DISTRICT JUDGE