United States District Court
I Court House Way
Boston Ma

Christopher Devine
Vs
Stop and Shop Companies Inc

Response to the dismissal from the

Massachusetts's commission against discrimination

Learning disability discrimination and HIV discrimination based on accommodations

After hire of my employment I have told employer stop and shop that I had learning disability. They ended up placing me on the register anyway knowing that I might have some troubles. I was disciplined not suspended for an order short on 3/3/00. Second disciplinary action was that I was suspended and an order was short on 4/6/00. A threat of termination was on 4/8/00 and a disciplinary action related to 4/6/00. On 4/12/00 the front-end manager decided to lie in his response in a disciplinary action taken against me when bagging an order stating that I was dropping them with other excuses. On 4/16/00 after being disciplined four times on the register they did not accommodate me somewhere else and they continued to keep me on the register, so I asked for an accommodation for a bagger to help me concentrate on the companies money, and they did not want to do so and I was not happy they sent me home. While I was trying to get across to them is that I needed an accommodation when management new I had a learning disability. I was then disciplined on 4/16/00 for asking for an accommodation. Because of no accommodation they made my character look like a problem child.

Finally after being disciplined they transferred me in the bakeshop in April into March of 2000. I asked for another position during a grievance procedure with my union.

**<u>Insubordination, disruptive behavior</u> in front of customers, <u>mistreated coworkers</u> as well as <u>did not meet job standards</u>,** all of this is against my character as a person. Stop and shop made me sound like I was unable to do my job and I never caused trouble while working for them. I always followed the rules while working; I never mistreated customers or coworkers. I did meet job standards while asking for accommodations to work around my learning disability.

HIV discrimination

Fatima Cabral was not a "lead clerk", Fatima was a "Manager" Her duties included were responsible for making the schedule, inventory, and being in charge of the department in the bake shop. These are all responsible things that a Manager would due. Not a lead clerk, because lead Clerks are not responsible for requesting accommodations.
Manager did not "provide assistance" and did not comply with an accommodation. Company states that they "**did their best to assist the complainant**" this does not address what kind of an accommodation was needed and gave if they gave any accommodation. Company did not address the accommodation needed while Christopher Devine was on medication and treatments. What did they do in "Providing Assistance"? The Company did nothing to accommodate.
Instead they disciplined the complainant on 11/8/00 and others after.

Stop and shop never gave an explanation in completing his work assignments instead stop and shop during Christopher Devine's employment placed him under pressure and continued to give him a stressful situation. There was no "providing assistance" and his work performance deteriorated while on medication or treatments he was receiving. Usually when someone's health on the job deteriorates they are in need for an accommodation.
After no response from the bakery manager for not accommodating, eventually Christopher Devine told night management and through regular conversation the store management new and among his coworkers that he suffers from HIV.
His accommodation was not granted and on the other hand when it among his coworkers that he was ill or needed adjustment on the job, its common sense through conversation when he informed night management the store management was also informed and all management ignored his request for an accommodation. Through conversations they assumed they accommodated and placed Christopher Devine under pressure. Please keep in mind that some night management was transferred to other stores.

Christopher Devine was under pressure and was under a stressful situation when being disciplined when no accommodation was granted. Christopher Devine was forced to quit under pressure and felt over tired and had no other choice put to resign.
Mr. Devine was 2 to three mouth away from receiving benefits.

Please ignore off the clock involvement with Ms Cabral since this happened before asking for an accommodation. It states on occassion that I appeared at the store blooded bruised and other wise disheveled and confided and ms Cabral, I was not blooded and bruised, I was having family problems at the time and had none else to turn to. Please keep in mind that this involvment happened before asking for an accomidation and that the involvment was before September 2000 and that this was a summer Issue and event.