*CoA Appeal #2186 NG*
*Judge Nancy Gertner*
*July 15, 2005*

United States District Court
1 courthouse way Boston ma

Christopher Devine
    Vs
Stop and shop companies

Complaint

In June 2000 I told my Manager Fatima Cabral that I was HIV positive. I made it more than aware to her that I was going to be ill.

Three mouths went by and I started getting sick due to medication I was taken.

In September I gave a doctors note to Fatima Cabral in the bakeshop, stating that I be given every consideration and verbally told Fatima Cabral that I was in need for an accommodation. I asked that my duties be changed and altered into an accommodation. Instead Fatima Cabral responded by crumpling up the note.

During the months of September, October and November I was given no direction and that my manager Fatima Cabral ignored my accommodations and were not granted as my Job performance started to deteriorate.

In September Fatima did urge me to speak to the store manager when my job performance started to deteriorate. Although at that time I refused, Ms Cabral was the head of the department and my supervisor, (manager) and that she was responsible for notifying store management, (her boss) in order to grant my reasonable accommodation. In the meantime I was waiting for my accommodations to be granted.



As evidence I provide a schedule for one week with no assistance and that the bakeshop was not full with staff, as a matter of fact the bakeshop was under staff and I was working more than usual. I was working 25 to 30 hours a week and I only could work 4 days out of the week. Fatima who was in charged of the bakeshop, and who made the schedule, scheduled me 6 days out of the week with out any assistance in November.
On a Sunday and Wednesday I was by myself in the bakeshop and they're where many other times by myself in the bakeshop.

Meanwhile, in the last week of October and in the beginning of November I eventually told an assisted store manager Diane Paris that I was HIV positive. Now management knows that I am HIV positive. But I am unaware if the store manager Robert Slarve new that I had a disability or if he was told by the assisted managers and Ms Cabral of my disability.

Also Heather Furngis who was a night manager was also informed of my illness. Ms Furngis was transferred to another store in November but gave little assistance. Ms Furngis told me that her mother died of AIDS. She was aware of my disability.

During this time my Job performance continues to deteriorate and Ms Paris knowing my HIV status disciplined me see report 11/08/00 despite staying at work two extra hours was unable to complete my assigned job tasks.

Even though I may have had at times my immediate co-workers covering for me, when my job performance continued to deteriorate for 4 months, I was waiting for an accommodation to be granted.

When store management noticed that my job performance deteriorated, they should have evaluated that I had a disability my needs and identifying a reasonable accommodation. Stop and shop managers Ms Cabral, Ms Paris and Ms Furngis and store management never took any steps in providing any accommodations, which would have allowed me to continue my employment there at stop and shop.

Its unsure and unaware if the store manager was aware of my disability during the 4 months that my accommodation was not granted, and needs to be investigated.

Its states in MCAD Massachusetts's Commission Against Discrimination files that I had a Stressful Situation and that the commission has said that Ms Cabral is a lead clerk and not a manager. Also that she should not be responsible for granting an accommodation and that stop and shops management was unaware of my disability.

Ms Cabral has a picture of herself in the front end of the store that is presented to the public that she is a manager of the bakeshop, and that through other resources at stop and shop should be investigated that she is a manager. Ms Cabral should have taken in responsibility of notifying and granting **the accommodation** along with store management. Ms Cabral urged me to notify store management, which I did, an assisted store manager, but does not excuse her for engaging in a process to identify my needs with in the department in how to **change my duties** and **adjust** my job tasks. The reasonable accommodation

Its states in the MCAD file that my **job performance <u>continued</u> to deteriorate** and therefore I was entitled to a reasonable accommodation during the 4 months of no action. If my job performance deteriorated its unlikely they did not know about my health status.

Covering and providing assistance is not an **adjustment on the job or change in duties The appropriate reasonable accommodation.**

Ms Cabral was aware of my disability as a manager not (lead clerk)

Management was aware of my disability Ms Diane Paris and Ms Heather Furngis

My current address is 6 Morgan Rd Mansfield MA 02048

CA NO 0412186 NG
Judge Nancy Gertner

July 15 2005

Dismissal from the Massachusetts Commission Against Discrimination

Complainant – Christopher Devine

Ms Cabral has told the commission that on **many occasions she provided assistance** to the complainant with respect to personal and employment issues.

She considered being a tremendous support to the complainant.

It appears that his immediate coworkers tried covering for him.

Store management, which was unaware of complainant's health status. **Noticed that the complainants work performance continued to deteriorate.**

Ms Cabral urged the complainant to notify store management of his illness in order to request an accommodation. But he did not do so

---

MR. Devine wanted to keep his illness private with in the department of the bakeshop with Ms Cabral.
Even with his co-workers covering for MR. Devine he was still unable to complete his assigned tasked.
Ms Cabral was responsible for engaging in a process with store management in order to request the accommodation. But Ms Cabral being in charge of the bakery department did not do so.
So when MR Devine work performance deteriorated it was store managements responsibility to engage and to clarify a reasonable accommodation and that both parties Ms Cabral and store management should of or did engage in a conversation ~~to request the accommodation~~. that he had a disability and should of Requested the accomodation

My current address is
6 Morgan Rd
Mansfield MA 02048

*Chris Devine vs Stop & Shop* — *United States Court* — *CA 04-12186 NG — Judge Nancy Gertner*

```
                    Employee Schedule Report for BAKE-OFF
                          STOP & SHOP #7: 10-007
                    Report created on: 11/03/00 at  3:04p
                    Schedule date: 11/05/00 - Week end date: 11/11/00
```

| employee name | Sun 11/05 | Mon 11/06 | Tue 11/07 | Wed 11/08 | Thu 11/09 | Fri 11/10 | Sat 11/11 | Total |
|---|---|---|---|---|---|---|---|---|
| KOPOVA SVETLANA | CLERK 1000a- 400p 6:00 | CLERK 1000a- 400p 6:00 | CLERK 1000a- 400p 6:00 | CLERK 1000a- 400p 6:00 | ...... Not Av 0:00 | CLERK 1000a- 400p 6:00 | CLERK 1000a- 400p 6:00 | 30:00 |
| ANKS DIANNE M | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | 0:00 |
| BOLGER MARGARET | CLERK 800a- 200p 6:00 | CLERK 800a-1200p 4:00 | ...... Not Av 0:00 | CLERK 800a-1200p 4:00 | CLERK 800a-1200p 4:00 | CLERK 800a-1200p 4:00 | CLERK 800a-1200p 4:00 | 20:00 |
| BRUNO ALAN W | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | 0:00 |
| DALTON MARGARET A | ...... 0:00 | ...... 0:00 | Not Av 0:00 | Not Av 0:00 | Not Av 0:00 | ...... 0:00 | Not Av 0:00 | 0:00 |
| DE CASTRO LEILA M | CLERK 500a-1000a 5:00 | ...... Not Av 0:00 | CLERK 1200p- 400p 4:00 | CLERK 500a-1000a 5:00 | CLERK 500a-1000a 5:00 | CLERK 1200p- 400p 4:00 | CLERK 1200p- 400p 4:00 | 22:00 |
| DEVINE CHRISTOPHER | CLERK 400p- 900p 5:00 | CLERK 400p- 900p 5:00 | CLERK 400p- 900p 5:00 | CLERK 400p- 900p 5:00 | ...... Not Av 0:00 | CLERK 400p- 900p 5:00 | CLERK 400p- 900p 5:00 | 25:00 30:00 |
| HOFFMAN JOANNE T | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | 0:00 |
| SMITH VANESSA L | CLERK 800a- 200p meal 6:00 | CLERK 1100a- 800p 300p- 400p 8:00 | CLERK 1200p- 900p 400p- 500p 8:00 | ...... Not Av 0:00 | CLERK 1200p- 900p 400p- 500p 8:00 | CLERK 1200p- 900p 400p- 500p 8:00 | CLERK 300p- 900p 6:00 | 38:00 |
| TOOMEY KATHLEEN M | ...... m 0:00 | ...... Not Av 0:00 | ...... 0:00 | ...... Not Av 0:00 | ...... 0:00 | ...... 0:00 | ...... 0:00 | 0:0 |
| ZAINYEH MICHELE M | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | ...... Not Av 0:00 | 0:0 |

Annotations (handwritten):
- Tue 11/07 circled
- On DEVINE CHRISTOPHER row: "by myself"; Sun/Mon shifts circled labeled "A"; Wed shift marked "Produceman &"; "Check Time card"
- Fatima Cabral is A (manager) Not Lead clerk (supervisor)
- Ms. Cabral's name is not on the Scheduled shifts
- "Managers" set Schedules — not Lead clerks
- Fatima posts the Schedules every week
- Fatima Posted the schedule and Chris Devine for a week it was
- Investigate the schedule was Placed by himself without any Assistance