UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPER M. DEVINE)
    Plaintiff)
)
v.)C. A. No.04-12186-NG
)
)
STOP AND SHOP COMPANIES,)
    Defendant)
)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

In response to the complaint filed by the plaintiff, Christopher M. Devine ("Plaintiff"), The Stop & Shop Supermarket Company LLC ("Stop & Shop") states as follows:

1.On information and belief, Stop & Shop can neither admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.On information and belief, Stop & Shop can neither admit or deny the allegations set forth in Paragraph 2 of the Complaint, except to state that The Stop & Shop Supermarket Company LLC is a Delaware corporation with stores located throughout Massachusetts.

3.On information and belief, Stop & Shop can neither admit or deny the allegations set forth in Paragraph 3 of the Complaint.

4.On information and belief, Stop & Shop denies the allegations set forth in Paragraph 4 of the Complaint.

5.On information and belief, Stop & Shop denies the allegations set forth in Paragraph 5 of the Complaint. Stop & Shop further states as follows:

The Plaintiff was employed as a part-time cashier, then as a part-time bake shop clerk at Stop & Shop's Mansfield, Massachusetts store. During his employment, the Plaintiff had a

number of job performance problems, including insubordination, disruptive behavior in front of customers, mistreatment of coworkers, failure to meet job standards, and poor attendance (absenteeism, tardiness). The Plaintiff was given numerous warnings and, on April 6, 2000, he was suspended for allowing a customer whose order came to $122.89 to leave without paying. The Plaintiff grieved his suspension through his union and was reinstated.

In June 2000, the Plaintiff's mother reported that he was hospitalized with a strep infection. He was out of work for several weeks. Sometime thereafter, the Plaintiff told Fatima Cabral, the department lead clerk, that he had been diagnosed as HIV positive. Following this notification, the Plaintiff's job performance continued to deteriorate. The Plaintiff frequently left work early and often failed to complete assigned tasks. Ms. Cabral and the Plaintiff's coworkers did their best to assist the Plaintiff in completing his work assignments and the department seldom held the Plaintiff accountable for his poor work performance. Meanwhile, store management was holding the department accountable for maintaining standards and department staff did their best to cover for the Plaintiff.

In December 2000, the Plaintiff was verbally reprimanded by an assistant store manager for working without punching in on the time and attendance system. The Plaintiff complained to his union about the reprimand. The union investigated and found that the store had handled the matter appropriately. The Plaintiff then informed Ms. Cabral that he was resigning and he gave two weeks notice. The Plaintiff did not show for his next scheduled shift and the store did not hear from him again.

The Plaintiff never requested a reasonable accommodation. The only doctor's note Stop & Shop received from the Plaintiff was at the time of his hospitalization. Further, Stop & Shop did not discriminate against or harass the Plaintiff in any manner. To the contrary, the Plaintiff

was given great latitude considering his poor work performance and his coworkers extended themselves to assist the Plaintiff as best they could. In addition, Ms. Cabral did encourage the Plaintiff to speak to the store manager when his job performance deteriorated due to his health issues. Stop & Shop denies all such allegations and asserts that it treated the Complainant fairly and appropriately. The Complainant has provided no evidence to support his claim. Stop & Shop's policies provide specific complaint mechanisms. The Plaintiff did not avail himself of the remedies prescribed in these policies. He did not contact store management, his union representatives, Human Resources, or any other internal company resource with his concerns.

6. On information and belief, Stop & Shop denies the allegations set forth in Paragraph 6 of the Complaint.

7. On information and belief, Stop & Shop denies the allegations set forth in Paragraph 7 of the Complaint.

8. The final Paragraph of Plaintiff's Complaint does not contain factual allegations requiring a response. To the extent that a response is required, Stop & Shop denies the allegations contained in Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As to each count, without conceding, if Plaintiff has suffered damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped, in whole or part, from asserting the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, the claims raised in the Complaint.

### RESERVATION OF RIGHTS

Defendant reserves the right to supplement its Answer and provide additional affirmative defenses.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Defendant be awarded all costs of suit, including attorneys' fees ; and

3. Defendant be awarded such other relief as the Court may deem proper.

Respectfully submitted,

DEFENDANT,

THE STOP & SHOP SUPERMARKET COMPANY LLC,

By its attorneys,

 /s/  Daniel B. Klein
Daniel B. Klein
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800

James E. Venable, Jr. (BBO No. 562162)
The Stop & Shop Supermarket
  Company LLC
1385 Hancock Street
Quincy, MA 02169
(617) 770-6015

Dated:  September 26, 2005

**CERTIFICATE OF SERVICE**

     I, Daniel B. Klein, hereby certify that on this 26th day of September, 2005, a true copy of the foregoing document was served by first-class mail upon the Plaintiff, Christopher M. Devine, 6 Morgan Road, Mansfield, MA 02048.

                                                /s/ Daniel B. Klein
                                                Daniel B. Klein