UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER M. DEVINE | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. No. 04-12186-NG |
| | ) | |
| | ) | |
| STOP AND SHOP COMPANIES, | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

In response to the Complaint filed by the plaintiff, Christopher M. Devine ("Plaintiff"), the defendant, The Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant"), answers as follows:[1]

## PARAGRAPH NO. 1

In June 2000 I told my Manager Fatima Cabral that I was HIV positive. I made it more than aware to her that I was going to be ill.

## ANSWER NO. 1

Stop & Shop admits that Plaintiff told Fatima Cabral, the department lead clerk, that he was diagnosed as HIV positive. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARAGRAPH NO. 2

Three months went by and I started getting sick due to medication I was taken.

---

[1] Defendant submits this Amended Answer to the Plaintiff's Complaint because, as Defense counsel discussed with the Clerk at the December 15, 2005 Scheduling Conference (for which Plaintiff was absent), Defendant discovered at the time of the Conference that Plaintiff never served the actual Complaint in this action upon Defendant. Rather, Plaintiff served a copy of a pleading that he apparently submitted to the Court on November 9, 2004 with his Motion for Leave to Proceed in Forma Pauperis. Believing that untitled pleading to be the Complaint, Defendant prepared its Answer in response thereto. Defendant has since obtained a copy of the Complaint from the Court's Web site. Accordingly, Defendant hereby submits the instant Amended Answer to Plaintiff's actual Complaint in this action.

**ANSWER NO. 2**

Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

**PARAGRAPH NO. 3**

In September I gave a doctors note to Fatima Cabral in the bakeshop, stating that I be given every consideration and verbally told Fatima Cabral that I was in need for an accommodation.  I asked that my duties be changed and altered into an accommodation.  Instead Fatima Cabral responded by crumpling up the note.

**ANSWER NO. 3**

Defendant denies the allegations contained in Paragraph 3 of the Complaint.

**PARAGRAPH NO. 4**

During the months of September, October and November I was given no direction and that my manager Fatima Cabral ignored my accommodations and were not granted as my Job performance started to deteriorate.

**ANSWER NO. 4**

Defendant denies the allegations contained in Paragraph 4 of the Complaint.

**PARAGRAPH NO. 5**

In September Fatima did urge me to speak to the store manager when my job performance started to deteriorate.  Although at that time I refused, Ms. Cabral was the head of the department and my supervisor, (manager) and that she was responsible for notifying store management, (her boss) in order to grant my reasonable accommodation.  In the meantime I was waiting for my accommodations to be granted.

**ANSWER NO. 5**

Defendant admits that Fatima Cabral urged Plaintiff to speak with the Store Manager about Plaintiff's job performance.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

**PARAGRAPH NO. 6**

As evidence I provide a schedule for one week with no assistance and that the bakeshop was not full with staff, as a matter of fact the bakeshop was under staff and I was working more than usual.  I was working 25 to 30 hours a week and I only could work 4 days out of the week.  Fatima who was in charge of the bakeshop, and who made the schedule, scheduled me 6 days out of the week with out any assistance in November.  On a Sunday and Wednesday I was by myself in the bakeshop and they're where many other times by myself in the bakeshop.

**ANSWER NO. 6**

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

**PARAGRAPH NO. 7**

Meanwhile, in the last week of October and in the beginning of November I eventually told an assisted store manager Diane Paris that I was HIV positive.  Now management knows that I am HIV positive.  But I am unaware if the store manager Robert Slarve new that I had a disability or if he was told by the assisted managers and Ms. Cabral of my disability.

**ANSWER NO. 7**

Defendant has insufficient knowledge to admit or deny what Plaintiff is aware or unaware of. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

**PARAGRAPH NO. 8**

Also Heather Furngis who was a night manager was also informed of my illness.  Ms. Furngis was transferred to another store in November but gave little assistance.  Ms. Furngis told me that her mother died of AIDS.  She was aware of my disability.

**ANSWER NO. 8**

Defendant admits that Heather Firnges was transferred to another store in November 2000. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint.

**PARAGRAPH NO. 9**

During this time my Job performance continues to deteriorate and Ms. Paris knowing my HIV status disciplined me see report 11/08/00 despite staying at work two extra hours was unable to complete my assigned job tasks.

**ANSWER NO. 9**

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

**PARAGRAPH NO. 10**

Even though I may have had at times my immediate co-workers covering for me, when my job performance continued to deteriorate for 4 months, I was waiting for an accommodation to be granted.

**ANSWER NO. 10**

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**PARAGRAPH NO. 11**

When store management noticed that my job performance deteriorated, they should have evaluated that I had a disability my needs and identifying a reasonable accommodation.  Stop and

Shop managers Ms. Cabral, Ms. Paris and Ms. Furngis and store management never took any steps in providing any accommodations, which would have allowed me to continue my employment there at Stop and Shop.

## ANSWER NO. 11

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## PARAGRAPH NO. 12

Its unsure and unaware if the store manager was aware of my disability during the 4 months that my accommodation was not granted, and needs to be investigated.

## ANSWER NO. 12

The statement contained in Paragraph 12 of the Complaint does not appear to be an assertion of fact, and therefore requires no response from Defendant.  To the extent that a response is required, Defendant has insufficient knowledge to admit or deny what Plaintiff is aware or unaware of.

## PARAGRAPH NO. 13

It states in MCAD Massachusetts's Commission Against Discrimination files that I had a Stressful Situation and that the commission has said that Ms. Cabral is a lead clerk and not a manager.  Also that she should not be responsible for granting an accommodation and that stop and shops management was unaware of my disability.

## ANSWER NO. 13

Defendant admits the allegations contained in Paragraph 13 of the Complaint.

## PARAGRAPH NO. 14

Ms. Cabral has a picture of herself in the front end of the store that is presented to the public that she is a manager of the bakeshop, and that through other resources at stop and shop should be investigated that she is a manager.  Ms. Cabral should have taken in responsibility of notifying and

granting **the accommodation** along with store management.  Ms. Cabral urged me to notify store management, which I did, an assisted store manager, but does not excuse her for engaging in a process to identify my needs with in the department in how to **change my duties** and **adjust** my job tasks.  The reasonable accommodation.

## ANSWER NO. 14

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## PARAGRAPH NO. 15

It states in the MCAD file that my **job performance <u>continued</u> to deteriorate** and therefore I was entitled to reasonable accommodation during the 4 months of no action.  If my job performance deteriorated its unlikely they did not know about my health status.

## ANSWER NO. 15

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## PARAGRAPH NO. 16

Covering and providing assistance is not an **adjustment on the job or change in duties. The appropriate reasonable accommodation**.

## ANSWER NO. 16

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## PARAGRAPH NO. 17

Ms. Cabral was aware of my disability as a manager not (lead clerk).

## ANSWER NO. 17

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

**PARAGRAPH NO. 18**

Management was aware of my disability Ms. Diane Paris and Ms. Heather Furngis.

**ANSWER NO. 18**

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

**PARAGRAPH NO. 19**

Dismissal from the Massachusetts Commission Against Discrimination Complainant –

Christopher Devine: Ms. Cabral has told the commission that on **many occasions she provided**

**assistance** to the complainant with respect to personal and employment issues.

**ANSWER NO. 19**

Defendant admits that the MCAD's Dismissal decision found that Ms. Cabral told the

Commission that, on many occasions, she had provided assistance to the Complainant with respect

to personal and employment issues.

**PARAGRAPH NO. 20**

She considered being a tremendous support to the complainant.

**ANSWER NO. 20**

Defendant admits that the MCAD's Dismissal decision found that Ms. Cabral considered

herself to be of tremendous support to the Complaint.

**PARAGRAPH NO. 21**

It appears that his immediate coworkers tried covering for him.

**ANSWER NO. 21**

Defendant admits that the MCAD's Dismissal decision found that it appeared that Plaintiff's

immediate co-workers attempted to cover for him.

**PARAGRAPH NO. 22**

Store Management, which was unaware of complainant's health status.  **Noticed that the complainants work performance continued to deteriorate**.

**ANSWER NO. 22**

Defendant admits that the MCAD's Dismissal decision found that Store Management, which was unaware of Complainant's health status, noticed that Plaintiff's work performance continued to deteriorate.

**PARAGRAPH NO. 23.**

Ms. Cabral urged the complainant to notify store management of his illness in order to request an accommodation.  But he did not do so.

**ANSWER NO. 23**

Defendant admits that the MCAD's Dismissal decision found that Ms. Cabral urged the Complainant to notify store management of his illness in order to request an accommodation, but he failed to do so.

**PARAGRAPH NO. 24**

Mr. Devine wanted to keep his illness private with in the department of the bakeshop with Ms. Cabral.

**ANSWER NO. 24**

Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint.

**PARAGRAPH NO. 25**

Even with his co-workers covering for Mr. Devine he was still unable to complete his assigned tasked.

**ANSWER NO. 25**

Defendant admits the allegations contained in Paragraph 25 of the Complaint.

**PARAGRAPH NO. 26**

Ms. Cabral was responsible for engaging in a process with store management in order to request the accommodation.  But Ms. Cabral being in charge of the bakery department did not do so.

**ANSWER NO. 26**

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

**PARAGRAPH NO. 27**

So when Mr. Devine work performance deteriorated it was store managements responsibility to engage and to clarify a reasonable accommodation and that both parties Ms. Cabral and store management should of or did engage in a conversation that he had a disability and should of requested the accommodation.

**ANSWER NO. 27**

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over some or all of the claims, and these claims are barred because Plaintiff has failed to bring this action within ninety (90) days of his receipt of a right to sue notice from the Equal Employment Opportunity Commission.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are time-barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

As to each count, without conceding, if Plaintiff has suffered damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, in whole or part, from asserting the claims raised in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, the claims raised in the Complaint.

### RESERVATION OF RIGHTS

Defendant reserves the right to supplement its Amended Answer and provide additional affirmative defenses.

WHEREFORE, Defendant prays that:

1.   Plaintiff's Complaint be dismissed with prejudice;

2.   Defendant be awarded all costs of suit, including attorneys' fees; and

3.   Defendant be awarded such other relief as the Court may deem proper.

Respectfully submitted,

DEFENDANT,

THE STOP & SHOP SUPERMARKET
COMPANY LLC,

By its attorneys,


 _/s/  Daniel B. Klein_____
Daniel B. Klein
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800

James E. Venable, Jr. (BBO No. 562162)
The Stop & Shop Supermarket
   Company LLC
1385 Hancock Street
Quincy, MA 02169
Dated:  February 1, 2006                              (617) 770-6015


## CERTIFICATE OF SERVICE

I, Daniel B. Klein, hereby certify that on this 1st day of February, 2006, a true copy of the foregoing document was served by first-class mail upon the Plaintiff, Christopher M. Devine, 6 Morgan Road, Mansfield, MA 02048.


 _/s/  Daniel B. Klein_____
Daniel B. Klein


11