UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER M. DEVINE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STOP AND SHOP COMPANIES, )<br>)<br>    Defendant. )<br>) | CIVIL ACTION NO. 04-12186-NG |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

The Defendant, the Stop and Shop Supermarket Company LLC ("Defendant" or "Stop and Shop"), respectfully submits this Memorandum of Law in Support of its Motion for a Temporary Restraining Order. Pursuant to Fed.R.Civ.P. 65(b), Stop and Shop seeks to restrain the Plaintiff, Christopher M. Devine ("Plaintiff" or "Devine"), from harassing, harming, or contacting by any means Stop and Shop employees Fatima Cabral, Diana Paris, and Robert Slarve. Stop and Shop also seeks to restrain the Plaintiff from harassing or harming Stop and Shop's counsel, Daniel B. Klein ("Attorney Klein"). Stop and Shop also seeks to restrict the Plaintiff from coming within 100 yards of the three employees and Attorney Klein.

Plaintiff was scheduled to appear before Magistrate Judge Alexander in this Court for a mediation in the above-captioned action on December 1, 2006. He failed to appear for the proceeding. On November 30, 2006, Devine left two harassing and threatening voicemail messages on Attorney Klein's office telephone line. The two messages included both explicit threats to Attorney Klein and veiled threats to the three Stop and Shop employees who are key witnesses in this matter. Plaintiff has a history of mental illness and has, in fact, been diagnosed

with Psychotic Disorder. He has been hospitalized frequently for his mental illness. Additionally, Plaintiff has a history of violent altercations with police when he has become upset. He has been arrested for disorderly conduct twice as a result of his threatening and violent behavior. Due to the threatening nature of Devine's messages and to his history of mental illness and instability, Stop and Shop and Attorney Klein legitimately fear for the safety of the witnesses and of Attorney Klein, who will suffer irreparable harm if the order is not issued.

## STATEMENT OF FACTS

Both parties were scheduled to appear before Magistrate Judge Alexander on December 1, 2006 for a mediation in the above-captioned action. Stop and Shop sent Plaintiff a copy of its Mediation Memorandum on November 28, 2006. In response to the Mediation Memorandum, Plaintiff called Attorney Klein twice on November 30, 2006, leaving voicemail messages stating emphatically and emotionally that he was unhappy and upset with the Mediation Memorandum.[1] Plaintiff's two telephone calls contained both express and implicit threats to Attorney Klein and named three Stop and Shop employees who are key witnesses in this matter. Klein Aff. ¶¶ 7-9. For example, Devine stated that he was from an important family and if his family ever found out about this, Attorney Klein would be "in deep shit," and "just to let you know, I will get a hold of you some other time." Klein Aff. ¶ 7. He further stated that "I will do what I have do" and "I am getting my money whether you like it or not." Klein Aff. ¶ 9.

Devine has a long history of mental illness. Klein Aff. ¶ 11. He has been diagnosed with Psychotic Disorder and has been hospitalized numerous times for psychotic episodes. Klein Aff. ¶ 13, Devine Medical Record, attached to Klein Aff. as Exhibit A; Devine Deposition ("Devine Depo."), attached to Klein Aff. as Exhibit B, at pp. 30 to 53.. Additionally, Devine has

---

[1] In support of its Motion for a Temporary Restraining Order, Stop and Shop submits the Affidavit of Daniel B. Klein ("Klein Aff.") and incorporates it herein by reference.

a history of engaging in violent, uncontrollable, and threatening behavior when he becomes upset. Klein Aff., ¶ 15, Devine Depo. at pp. 30-53. For example, in proceedings at the Massachusetts Commission Against Discrimination, Devine became upset at the delay in his case and grew so physically agitated and violent that State Police officers were forced to physically subdue him by throwing him to the ground and handcuffing him. Klein Aff., ¶ 19, Devine Depo. at pp. 37-40. Devine was arrested for disorderly conduct, and during the ensuing court hearing, the Judge committed him to a mental institution. Klein Aff., ¶ 19, Devine Depo. at pp. 37-40. Devine was involved in another altercation with police when he grew upset and agitated at a police officer who was attempting to help him when his car broke down along the side of the road.. Klein Aff., ¶ 21, Devine Depo. at pp. 51-53. The police officer was forced to physically restrain Devine, and he was ultimately arrested for disorderly conduct again. Klein Aff., ¶ 21, Devine Depo. at pp. 51-53.

Devine failed to appear at the scheduled mediation. His harassing and threatening telephone calls, in light of his history of violent behavior and psychotic episodes, have placed Stop and Shop and Attorney Klein in fear for the personal safety of the three witnesses and Attorney Klein.

## ARGUMENT

Stop and Shop is entitled to a temporary restraining order because immediate and irreparable injury may result to Attorney Klein, Diana Paris, Fatima Cabral, and Robert Slarve, if Devine is not restrained from contacting them or approaching them. Fed.R.Civ.P. 65(b).

In this case, Devine is threatening and harassing both Stop and Shop's counsel and, by implication, three of its employees. Plaintiff's documented voicemail messages have included explicit and veiled threats to Attorney Klein and have specifically named three Stop and Shop employees who are key witnesses in this case.

Moreover, Devine has a long history of mental instability. He has a diagnosed Psychotic disorder, and Devine has been hospitalized numerous times for his mental illnesses. He has a demonstrated history of violent and erratic behavior when he is upset, including two altercations with police officers. Under these circumstances, Attorney Klein and Stop and Shop are now justifiably apprehensive and concerned that Plaintiff may engage in similar violent and threatening behavior as a result of his documented emotional reaction to the Mediation Memorandum.

The temporary restraining order will result in minimal intrusion upon Plaintiff. Devine would still be permitted to contact Attorney Klein via his office telephone. Moreover, at this time, Plaintiff has no legitimate reason to contact the Stop and Shop employees. To the extent that Devine needs to contact any witnesses, he may do so through Attorney Klein or the Court.

## **CONCLUSION**

Stop and Shop's employees and Attorney Klein stand to suffer irreparable injury if the requested temporary restraining order is denied. Devine has a demonstrated history of violent and unstable behavior, and he has made direct and veiled threats against the above-named individuals. Stop and Shop does not seek to punish Devine, but rather, seeks to protect its employees and its counsel from physical harm by requesting that this Court direct Plaintiff to refrain from contacting or approaching them.

For the foregoing reasons, the Court should grant Stop and Shop's Motion for a Temporary Restraining Order.

Respectfully submitted,
STOP AND SHOP COMPANIES
By its Attorney,


/s/ Daniel B. Klein
Daniel B. Klein
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801


DATED: December 1, 2006

BO1 15815517.2