UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER M. DEVINE, )<br>)<br>Plaintiff, )<br>)<br>v.     )<br>)<br>STOP AND SHOP COMPANIES, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 04-12186-NG |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR TERMINATING SANCTIONS**

The Defendant, the Stop and Shop Supermarket Company LLC ("Defendant" or "Stop and Shop"), respectfully submits this Memorandum of Law in Support of its Motion for Terminating Sanctions.[1] Pursuant to Fed.R.Civ.P. 41(b), Stop and Shop requests that this Court dismiss, in their entirety and with prejudice, Plaintiff Christopher M. Devine's ("Plaintiff" or "Devine") claims in the above-captioned action. Plaintiff failed to appear at the Court-ordered mediation on Friday, December 1, 2006, after leaving Stop and Shop's counsel threatening and disturbing voicemail messages the prior evening. Plaintiff's failure to appear was not the first instance of his failing to appear at a Court-ordered conference in this matter. Plaintiff's failures to appear have not only wasted judicial resources but also Defendant's resources both with respect to time and costs incurred. To deter Devine from further abuses of the judicial system and to sanction him for wasting judicial resources, this Court should dismiss Devine's claims in their entirety and with prejudice.

---

[1] Defendant respectfully submits herewith and incorporates herein by reference the Affidavit of Daniel B. Klein ("Klein Aff.").

## STATEMENT OF FACTS

Pursuant to the parties' agreement to mediate this matter, the parties were ordered to appear before Magistrate Judge Alexander in this Court for mediation on December 1, 2006. Klein Aff. ¶ 3. On November 30, 2006, Devine left two voicemail messages for counsel for Stop and Shop, stating emphatically and emotionally that he was unhappy and upset with the memorandum Defendant had submitted for the December 1, 2006 mediation. Klein Aff. ¶¶ 4-9. Plaintiff's two telephone calls contained both express and implicit threats to counsel for Defendant and named three Stop and Shop employees who are key witnesses in this matter. Klein Aff. ¶¶ 4-9. For example, Devine stated that he was from an important family and if his family ever found out about this, Defendant's counsel would be "in deep shit," and "just to let you know, I will get a hold of you some other time." Klein Aff. ¶ 6. He further stated that "I will do what I have do" and "I am getting my money whether you like it or not." Klein Aff. ¶ 8. Additionally, Devine stated that he would not attend the scheduled mediation. Klein Aff. ¶¶ 6, 8. Stop and Shop promptly notified Magistrate Judge Alexander's clerk of Plaintiff's intent not to attend the mediation. Klein Aff. ¶ 10. Magistrate Judge Alexander directed Defendant and its counsel to appear at the mediation notwithstanding. Klein Aff. ¶ 10.

On Friday, December 1, 2006, Plaintiff failed to appear for the Court-ordered mediation before Magistrate Judge Alexander. Klein Aff. ¶ 11. Defendant and its counsel appeared at the mediation, and Magistrate Judge Alexander conducted a Court session, despite the absence of Devine. Klein Aff. ¶¶ 12-13. Devine previously failed to appear for the initial scheduling conference in this matter on December 15, 2005. Klein Aff. ¶ 14.

## ARGUMENT

This Court should dismiss Devine's claims against Stop and Shop in their entirety and with prejudice pursuant to Fed.R.Civ.P. 41(b). Devine's failure to appear at Court-ordered

mediation and his past failures to appear at other Court proceedings constitute a serious waste of judicial resources, a waste of Defendant's time and money, and an interference with this Court's ability to efficiently manage its case load.  Especially in light of Plaintiff's threatening voicemail messages the night prior to the scheduled mediation, this Court should hold Plaintiff accountable for his actions and dismiss this matter.

Pursuant to Fed.R.Civ.P. 41(b), courts may impose sanctions, including dismissal of a case with prejudice, for a party's failure to appear at various types of court proceedings. *See, e.g., O'Grady v. Chant*, 9 Fed. Appx. 323 (6th Cir. 2001); *see also* Fed.R.Civ.P. 41(b) ("failure of the plaintiff to prosecute or to comply …with any order of court" allows a defendant to move for dismissal of the case).  Courts "unquestionably have power to dismiss a case for want of prosecution." *See Caribbean Transportation Sys., Inc., v. Autoridad de Las Navieras de Puerto Rico*, 901 F. 2d 196 (1st Cir. 1990).  A party's repeated failures to attend pre-trial proceedings, including pre-trial conferences, are an appropriate ground for dismissal under Rule 41(b). *See Williamson v. Owners Resort and Exchange*, 90 Fed. Appx. 342 (10th Cir. 2004).  Moreover, a party's failure to attend scheduled proceedings "interferes with a court's ability to…manage its case load" and "wastes judicial resources." *See id.*  Pro se litigants must follow the same procedural rules as any other litigant and are equally susceptible to a dismissal for failure to appear at required proceedings. *See id.* (dismissing a pro se plaintiff's case for failure to attend pretrial proceedings).  Additionally, monetary sanctions for failures to appear at proceedings or to comply with court orders are appropriate to recoup the wasted judicial resources and to deter a litigant from further abuse of the system. *See Specialized Plating, Inc. v. Federal Environmental Svc., Inc.*, 975 F. Supp. 397, 398 (D. Mass. 1997).

In the instant matter, the Court should dismiss Devine's claims. Devine failed to comply with a Court order to appear at a mediation that the Court scheduled at the parties' request. Defendant and its counsel appeared at this mediation. Devine's failure to appear resulted in wasted resources both for this Court and for Defendant. Judge Alexander, as a result of scheduling significant time for the mediation, may have foregone other matters on her busy docket. Moreover, Defendant spent time and money in preparing for this mediation, which it took seriously as a potential means of resolving this matter despite Plaintiff's recent $300 million demand.

Devine's failure to attend the mediation is not the first instance of his failing to attend Court proceedings, as he failed to attend a required Scheduling Conference in this matter. Each instance when Devine has failed to appear constitutes a waste of judicial resources, of Defendant's resources, and represents "an abuse of the judicial system." *See Specialized Plating*, 975 F. Supp. at 398. To deter him from further abuse of the system and to prevent Stop and Shop and this Court from wasting any further resources, this Court should impose the necessary sanctions under Rule 41(b) and dismiss Devine's claims in their entirety.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Stop and Shop's Motion for Terminating Sanctions and grant such other and further relief as this Court deems necessary.

Respectfully submitted,
THE STOP AND SHOP SUPERMARKET
COMPANY LLC
By its Attorney,


/s/ Daniel B. Klein
Daniel B. Klein
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:　(617) 946-4800
Telecopier:　(617) 946-4801


DATED: December 4, 2006


## CERTIFICATE OF SERVICE

I, Daniel B. Klein, hereby certify that on this 4th day of December, 2006, a true copy of the foregoing document was served by first-class mail upon the Plaintiff, Christopher M. Devine, 6 Morgan Road, Mansfield, MA 02048.

/s/ Daniel B. Klein
Daniel B. Klein

BO1 15815520.1