*f. led court*
*in open court*
*11/13/07*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

)
CHRISTOPHER M. DEVINE,                )
)
      Plaintiff,                )
)   CIVIL ACTION NO. 04-12186-JGD
v.                                    )
)
STOP AND SHOP COMPANIES,              )
)
      Defendant.                )
)

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION FOR JUDGMENT ON PARTIAL FINDINGS

    Pursuant to Fed.R.Civ.P. 52(c), The Defendant, The Stop and Shop Supermarket

Company LLC ("Defendant" or "Stop and Shop"), respectfully moves this Court to enter

judgment as a matter of law against Plaintiff Christopher M. Devine ("Plaintiff" or "Devine") for

the reasons set forth below. Plaintiff brings a claim against Stop and Shop for failure to

accommodate a disability, purportedly resulting in his constructive discharge, under the

Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.* Defendant is

entitled to judgment as a matter of law because Devine is unable to satisfy one or more of the

requisite elements of his claim.

### ARGUMENT

    Pursuant to Fed.R.Civ.P. 52(c), this Court may enter judgment as a matter of law against

Devine if his claim cannot be "maintained under the controlling law." *See* Fed.R.Civ.P. 52(c).

Because Devine fails to establish the requisite elements of his claim, this Court should enter

judgment as a matter of law in favor of Stop and Shop.

## PLAINTIFF FAILS TO ESTABLISH THE REQUISITE ELEMENTS OF HIS FAILURE TO ACCOMMODATE CLAIM.

In order to succeed on his failure to accommodate claim under the ADA, Devine must present sufficient, admissible evidence that: (1) he was a qualified individual with a disability within the meaning of the ADA; (2) Stop and Shop was covered by the ADA; (3) Stop and Shop had knowledge of Devine's disability and physical limitations; (4) Stop and Shop failed to accommodate Devine's limitations; and (5) the failure to accommodate affected the terms, conditions or privileges of Devine's employment. *See Orta-Castro v. Merck, Sharp, Dohme Quimica P.R.*, 447 F. 3d 105, 112 (1st Cir. 2006); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F. 3d 252, 264 (1st Cir. 1999). Because Devine fails to establish at least three requisite elements of his claim, the Court should enter judgment as a matter of law in favor of Stop and Shop.

A.   Plaintiff Fails To Prove That He Was Disabled Because He Did Not Introduce Any Evidence That His HIV-Positive Status Substantially Limited A Major Life Activity.

Devine fails to establish that he was disabled within the meaning of the ADA during the relevant period. To prevail on his claim, Devine must present evidence to demonstrate that, at the time, his HIV infection was a physical impairment that "substantially limit[ed] a major life activity." *See Bragdon v. Abbott*, 524 U.S. 624, 641-42 (1998). Courts make the determination of whether HIV status substantially limits a major life activity on a case-by-case basis. *See id.* at 642 (declining to address whether HIV infection is a *per se* disability under the ADA); *see also E.E.O.C. v. Lee's Log Cabin, Inc.*, 436 F. Supp.2d 992, 996 (W.D. Wis. 2006) (requiring evidence of the impact of HIV infection on the plaintiff's major life activities); *Cruz Carrillo v. AMR Eagle, Inc.*, 148 F. Supp.2d 142, 145 (D.P.R. 2001) (holding that plaintiff with HIV infection bears the burden to prove that HIV substantially limits a major life function). Although

2

some Courts have found HIV status to constitute a disability where the condition substantially limited the plaintiff's ability to reproduce, the Courts have consistently required Plaintiffs to introduce evidence demonstrating that their HIV status, in fact, substantially limited their reproductive abilities. *See Cruz Carrillo*, 148 F. Supp.2d at 145; *Bragdon*, 524 U.S. at 640-41; *Lee's Log Cabin*, 436 F. Supp.2d at 996.

Thus, to establish that he was disabled, Devine bears the burden of producing evidence proving that his HIV-positive status substantially limited his reproductive abilities, or some other major life activity, during the relevant period. *Id.* Devine fails to present any such evidence. Accordingly, he fails to establish that he was disabled under the ADA, and the Court should enter judgment as a matter of law in favor of Stop and Shop.

B. Plaintiff Fails To Prove That Stop And Shop Management Had Any Knowledge Of His Purported Physical Limitations And Need For Accommodation.

Devine also fails to establish that Stop and Shop had knowledge of his physical limitations and need for accommodation. Devine never informed Stop and Shop management that his HIV status affected his ability to perform the functions of his position. While Devine did inform his co-workers of his HIV status, his co-workers, including Lead Clerk Fatima Cabral, were not members of management. Devine's co-workers consistently assisted him in performing his job and covered up the fact that he was not performing his job adequately. As such, even if Stop and Shop management learned of Devine's HIV-positive status, it had no notice that this condition affected his performance in any manner. Thus, Stop and Shop management did not know that Devine needed any accommodation. Accordingly, Devine utterly fails to prove that Stop and Shop had the requisite knowledge of his need for accommodation.

C.    Plaintiff Fails to Prove That Stop and Shop's Alleged Failure to Accommodate
        Affected The Terms, Conditions Or Privileges Of His Employment.

Devine purports to meet the fifth element of his *prima facie* burden by claiming that the

alleged failure to accommodate resulted in his constructive discharge. In order to establish a

constructive discharge, Devine must prove that his "working conditions were so difficult or

unpleasant that a reasonable person in [his] shoes would have felt compelled to resign." *See*

*Feliciano-Hill v. Principi*, 439 F. 3d 18, 27 (1st Cir. 2006). This is an objective standard; the

Court may not consider Devine's subjective beliefs in deciding whether the standard is met. *See*

*id.* Rather, Devine must demonstrate that Stop and Shop imposed "onerous, abusive, or

unpleasant" working conditions upon him. *See Vieques Air Link, Inc. v. U.S. Dept. of Labor*, 437

F. 3d 102, 109 (1st Cir. 2006). Devine fails to present any evidence that Stop and Shop imposed

such "onerous, abusive or unpleasant" working conditions upon him that a reasonable person in

his shoes would have felt compelled to resign. Accordingly, Devine fails to establish that Stop

and Shop constructively discharged him.

Plaintiff, therefore, fails to establish the fifth element of his prima facie case, and his

claim fails as a matter of law.

4

## CONCLUSION

For the foregoing reasons, the Court should GRANT Stop and Shop's Motion for

Judgment on Partial Findings, enter judgment as matter of law against Plaintiff, and grant such

other and further relief as this Court deems necessary.

Respectfully submitted,

DEFENDANT
THE STOP AND SHOP SUPERMARKET
COMPANY LLC
By its Attorneys,

Daniel B. Klein
Catherine V. Meek
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  April 9, 2007

## CERTIFICATE OF SERVICE

I, Daniel B. Klein, hereby certify that on this 9th day of April, 2007, a true copy of the
foregoing document was served in hand upon the Plaintiff, Christopher M. Devine, 6 Morgan
Road, Mansfield, MA 02048.

Daniel B. Klein

BOI 15840008.5