United States District Court
District of Massachusetts

Devine
Vs
Stop and shop supermarket companies

FILED
IN CLERKS OFFICE

2007 JUN -1  P 1: 55

0412186-JGD
U.S. DISTRICT COURT
DISTRICT OF MASS.

The following are my observations of the facts as they pertain to the disciplinary actions and the ADA Americans with Disabilities Act

- The disciplinary process,

Bob Slarve stated the process as (page 28 –2 ) is " usually we speak to that cashier then the second time we document it. If it happens again they could face suspension.

Also under (42-8) Slarve states no disciplinary action with out his involvement.

On form 191 where it is established as a disciplinary action (32-10 through 14 documents)

On March 4, 2000 no verbal warning was given before the written disciplinary action. by Kim candarilli and Pangeano with threat of suspension.

So on 3-4-00 this should have been a verbal warning (not a written disciplinary action)

On 4-6-00 forms 191should have been a written disciplinary action with out suspension or threat of suspension.

" Stop and shop suspended me "

On 4-8-00
Bob Slarve violated the Stop and Shop procedures, by stating I will be suspended pending termination.
This 191 should have been a written warning with threat of suspension not termination.

On 4 -12-00

I was given a disciplinary action on form 191 by Paul therein ( a union position (2-82-9) I was not given a verbal warning and a union employee gave me a disciplinary action. This was allowed by Robert Slarve, this violates what Bob Slarve states in the process ( ref 64-12- 13 ) union employees do not give 191's disciplinary actions.

On 4 –16 –00 I was given a disciplinary action when Bob Slarve knew I was suspended before, as a cashier, then I was a bagger after the suspension, Kim Candarilli put me on

the register anyways after the suspension knowing my difficulties. Finally after demanding an accommodation for a bagger that was denied. I notified the union and Bob Slarve, moved me into the bakeshop.
This form 191 was not signed

**(From 4-17-00 thru 11- 7-00 Christopher had no 191-disciplinary action forms written.)**

On 11-8 00 form 191
Dianna Paris gave me a disciplinary action on form 191 with threat of suspension. This violates Bob Slarves and stop and shop policy where I should have received a verbal warning.( ref 28-2).

Stop and shop did not provide any documentation procedure as evidence that I was required to notify management when or before I left the store.

Dianna Paris did not find out until the following morning that the pan out was not completed. (Ref page 81-7-9)
I believe that Dianna Paris is responsible to make sure before she leaves the building that all required tasks have been completed by me. I am not the manager. She was nowhere to be found in the building at 11:00 at night.

Also exhibit 10 bake off schedule. It is clear to me that 77 days of scheduled work is required to have a well-run department. But looking at Exhibit 10 only 30 days were scheduled. 39 where not available and 9 where blank. I find this to be mismanagement of the department by Dianna Paris and Robert Slarve.

On 11—09 –00 Robert Slarve did not give me a verbal warning for my time being late and wrote me up a 191 disciplinary action with threat of suspension. ( Bob Slarve stated he knew Christopher was ill at that meeting.) Ref (65-21).

On 11- 14- 00 was a 191 disciplinary action for Christopher being late by Dianna Paris – I testified that the store locked me out of the computer. ( ref 2-27line 2)

It is clear to me that Bob Slarve and Stop and Shop does not comply with the procedures for disciplinary actions.

- First is a verbal warning.
- Second is a written disciplinary action 191 form.
- Third is a written disciplinary action 191 form including threat of suspension.
- Forth is a written disciplinary action 191 with suspension.